IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HAILEY C. LOVE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM TYTUS and JOHN DOES 1–5,<br><br>　　　　　Defendants. | CV 22–89–M–DLC<br><br><br>ORDER |

Before the Court is Defendant William Tytus's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. (Doc. 4.) For the reasons stated herein, the motion will be denied, and this case will be transferred to the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. § 1406(a).

## BACKGROUND

The complaint alleges that Defendant William Tytus negligently operated his vehicle in Snohomish County, Washington, in a manner that caused it to collide with Plaintiff Hailey C. Love's vehicle on May 15, 2019. (Doc. 1 ¶ 6.) Plaintiff alleges that Defendant's negligence caused her "sustained property loss and personal injuries" requiring medical care and resulting in incidental expenses, lost profits and earnings, and other out-of-pocket expenses. (*Id.* ¶¶ 7–9.) Plaintiff is a

1

citizen and resident of Flathead County, Montana. (*Id.* ¶ 1.) Defendant is a citizen and resident of Snohomish County, Washington. (*Id.* ¶ 2.)

Plaintiff alleges that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), providing for diversity jurisdiction. (Doc. 1 ¶ 3.) Plaintiff further alleges that "[v]enue is properly before this Court under 18 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in Flathead County, Montana, in that Plaintiff has received extensive medical treatment in Flathead County, Montana." (*Id.* ¶ 4.)

Defendant filed the instant motion to dismiss, arguing that the Court lacks general or specific personal jurisdiction over him because "he has essentially no contacts with the State of Montana other than this lawsuit, and Plaintiff's claim does not arise from any activity in Montana." (Doc. 5 at 2.) For the same reason, he argues, venue is improper in this Court. (*Id.*)

Plaintiff does not dispute that this Court lacks personal jurisdiction over Defendant. (*See generally* Doc. 8.) Instead, she argues that dismissal would be manifestly unjust because she may be unable to adjudicate her claim in a different court because the three-year statute of limitations will have run. (*Id.* at 2.) She further argues that venue is appropriate in this Court because "a substantial part of the events giving rise to the claims asserted here occurred in Montana"—namely, all of Plaintiff's medical treatment, "which forms the lion's share of the basis and

2

evidence for her damages, took place in Montana" and "[d]amages likely will be the only disputed issue at trial[.]" (*Id.* at 3–4.) Plaintiff requests that, if the Court finds that it lacks personal jurisdiction or that venue is improper, the Court should transfer venue to the Western District of Washington rather than dismissing the action. (*Id.* at 6–7.) However, she argues that travel to a venue in the Western District of Washington would impose a substantial and undue burden on Plaintiff because of her son's extensive disabilities and because the medical professionals who have provided her treatment would also have to travel from Montana to the Western District of Washington to testify. (*Id.* at 5–6.)

In reply, Defendant argues that Plaintiff has effectively conceded this Court's lack of personal jurisdiction, and he states that he has no objection to this case being transferred to the Western District of Washington, where he resides. (Doc. 9.)

## DISCUSSION

### I. Personal Jurisdiction

The Court agrees with Defendant that Plaintiff has effectively conceded the Court's lack of personal jurisdiction over Defendant by failing to respond to Defendant's argument. And concede she must. Plaintiff has failed to make even "a prima facie showing of jurisdictional facts." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

When assessing its personal jurisdiction in a diversity action, this Court asks whether (1) Montana's long-arm statute permits the exercise of personal jurisdiction; and (2) if so, whether federal constitutional due process is nonetheless offended. *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996).

Defendant is not domiciled in Montana (Doc. 1 ¶ 2), so he is not "at home" in Montana as required to establish general jurisdiction over him. *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); *Tackett v. Duncan*, 2014 MT 253, ¶ 20. Montana's long-arm statute establishes the bounds "for specific jurisdiction" as a matter of state law. *Tackett*, 2014 MT 253, ¶¶ 21–22. This statute delineates a variety of acts that subject the actor to specific personal jurisdiction for suits arising from those acts. *Id.* ¶ 21 (quoting Mont. R. Civ. P. 4(b)(1)(A)–(G)).

In this lawsuit alleging Defendant's negligence while operating a motor vehicle (Doc. 1 ¶ 6), only Rule 4(b)(1)(B)— "the commission of any act resulting in accrual within Montana of a tort action"—is at issue. The Montana Supreme Court has repeatedly held that when "the actions which gave rise to the alleged tort[] occurred outside of Montana," the defendant's action "did not result in the accrual of a tort action **within Montana**" for purposes of Rule 4(b)(1)(B), even if the plaintiff "was detrimentally affected within this state" by defendant's actions.

*Cimmaron Corp. v. Smith*, 2003 MT 73, ¶¶ 17–20 (emphasis in original) (collecting cases). Accordingly, the Court concludes that Montana's long-arm statute does not permit this Court's exercise of personal jurisdiction over Defendant.

## II.   Venue

Because this Court lacks personal jurisdiction over Defendant, venue is not proper in this Court, and the Court cannot consider Plaintiff's arguments relating to her inability to travel and inconvenience to witnesses because retaining this case would require this Court to exercise jurisdiction it lacks. *See* 28 U.S.C. § 1391(b). The Court agrees with Defendant that, if transfer to the proper venue is appropriate, it must be done pursuant to 28 U.S.C. § 1406, not § 1404. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Jarrett v. Terrell*, No. 21-55263, 2022 WL 1056645, at *1 (9th Cir. Apr. 8, 2022) (distinguishing between statutes based on whether transferor court had personal jurisdiction over defendants). The parties do not dispute that the interests of justice favor adjudication of Plaintiff's claims on the merits or that dismissal could foreclose her ability to file suit because the three-year statute of limitations on her claim ran on May 19, 2022. (Doc. 9 at 4–5.) Accordingly, Defendant does not oppose transfer of this case to the United States District Court for the Western District of Washington, Seattle Division, where he resides. (*Id.* at 5.) Pursuant to 28 U.S.C.

§ 1406(a), the Court finds that the interest of justice favors transfer of this case to the Western District of Washington, Seattle Division, to avoid foreclosing Plaintiff's ability to litigate her claims against Defendant in light of her timely filing, albeit in the wrong jurisdiction and venue.

## Conclusion

IT IS ORDERED that the motion to dismiss (Doc. 4) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall TRANSFER this case to the United States District Court for the Western District of Washington, Seattle Division, pursuant to 28 U.S.C. § 1406(a).

DATED this 30th day of January, 2023.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court